UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY,<br><br>                           Petitioner,<br><br>vs.<br><br><br>TERRI GONZALES Warden, et al.,<br><br>                           Respondent. | Case No. 11cv0543 H (JMA)<br><br>**ORDER DENYING:**<br><br>**(1) MOTION FOR RECONSIDERATION (ECF No. 5) AND**<br><br>**(2) SUPPLEMENTAL MOTION FOR RECONSIDERATION (ECF No. 8)** |

    On March, 17, 2011, Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a motion for leave to proceed in forma pauperis. On April 25, 2011, the Court issued an Order granting the request to proceed in forma pauperis and dismissing the petition. (ECF No. 4.) Petitioner filed a Motion for Reconsideration of that Order. (ECF No. 5.) On the same day, Petitioner filed a Notice of Appeal. (ECF No. 7.)[1] Petitioner then filed a supplemental request for reconsideration on July 15, 2011. (ECF. No. 9.)

/ / /

---

[1] "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). Tthe district court, however, does retain jurisdiction to adjudicate post-judgment matters such as post-judgment motions under Fed. R. Civ. P. 59 and 60. *See Stone v. INS*, 514 U.S. 386, 402-03 (1995).

In this its April 25, 2011 Order, the Court dismissed the Petition because Petitioner is no longer in custody pursuant to the conviction he challenges. As discussed in the Order, "'Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994); see also 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); see Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). In the Petition, Petitioner challenges the 8 year sentence he received in 1985, which Petitioner acknowledges has "expired." (See Pet. at 2.)

In his Motion and Supplemental Motion, Petitioner argues that his Petition should not have been dismissed for failure to satisfy the custody requirement. Petitioner, however, fails to indicate whether the Motion is brought pursuant to Federal Rule of Civil Procedure 59 or 60. The Ninth Circuit has noted that "highly unusual circumstances" or the necessity of "prevent[ing] manifest injustice" may warrant the granting of a motion for reconsideration under Rule 59(e)). See McDowell v. Calderon, 197 F.3d 1253, 1255 & n. 1 (9th Cir. 1999) (en banc) (per curiam). Under Rule 60(b), a court may relieve a party from judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of the judgment. FED.R.CIV.PRO. 60(b).

Petitioner claims that his Petition should not have been dismissed because the sentence he is currently serving (suffered in 2007) was *enhanced* due to his prior 1985 conviction. (See Motion at 7; Supp. Motion at 3.) He cites Lackawanna Co. Dist. Atty. v. Coss, 532 U.S. 394 (2001) and Maleng, 490 U.S. 488, among other cases, as support. (See e.g. Motion at 2-3, 7; Supp. Motion at 3.) However, neither case supports Petitioner's argument. In Maleng, the Court held that the respondent was not "in custody" the conviction he challenged had been used to enhance a subsequent sentence. Maleng, 490 U.S. at 493-94. Further, in Lackawanna, the Court held that a habeas petitioner may not collaterally challenge a prior conviction which is "no

1  longer open to direct or collateral attack in its own right," unless "there was a failure to appoint
2  counsel in violation of the Sixth Amendment [and <u>Gideon v. Wainwright</u>, 372 U.S. 335
3  (1963)]." <u>Lackawanna</u>, 532 U.S. at 403-04.

4       Here, Petitioner does not dispute that he is no longer in custody pursuant to the 1985
5  conviction he challenges. Moreover, Petitioner does not allege that he was denied counsel in
6  that case. Rather, he merely makes vague claims of ineffective assistance of counsel. (See
7  Motion at 5-6.) Therefore, Petitioner has failed to satisfy Rule 59(e) or 60(b). Accordingly,
8  Petitioner's motion and supplemental motion for reconsideration are **DENIED**.

9       IT IS SO ORDERED.

10  Dated: July 19, 2011

11
12                             MARILYN L. HUFF, District Judge
                           UNITED STATES DISTRICT COURT