1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

WILLIAM JOHN DAUGHTERY,

                          Petitioner,

vs.

TERRI GONZALES, Warden, et al.,

                          Respondent.

Case No. 11cv0543 H (JMA)

**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

On March, 17, 2011, Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a motion for leave to proceed in forma pauperis. On April 25, 2011, the Court issued an Order granting the request to proceed in forma pauperis and dismissing the petition because Petitioner had not satisfied the jurisdictional "in custody" requirement. (ECF No. 4.) Petitioner filed a Motion for Reconsideration of that Order. (ECF No. 5.) On the same day, Petitioner filed a Notice of Appeal. (ECF No. 7.)[1] Petitioner then filed a supplemental request for reconsideration on July 15, 2011. (ECF. No. 9.) On July 19, 2011, this Court denied Petitioner's motion and supplemental motion for reconsideration. (ECF No. 10.) On August 18, 2011, Petitioner filed a request for issuance of certificate of

---

[1] "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997). The district court, however, does retain jurisdiction to adjudicate post-judgment matters such as post-judgment motions under Fed. R. Civ. P. 59 and 60. See Stone v. INS, 514 U.S. 386, 402-03 (1995).

-1-                                                                                                    11cv0543

1 appealability. (ECF No. 12.)

2       A certificate of appealability is authorized "if the applicant has made a substantial

3 showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2). "A petitioner

4 satisfies this standard by demonstrating that jurists of reason could disagree with the district

5 court's resolution of his constitutional claims or that jurists could conclude the issues presented

6 are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322,

7 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000). The issue becomes

8 somewhat more complicated where the district court dismisses the petition based on procedural

9 grounds. Lambright v. Stewart, 220 F.3d 1022 (9th Cir. 2000). "When the district court denies

10 a habeas petition on procedural grounds without reaching the prisoner's underlying

11 constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason

12 would find it debatable whether the petition states a valid claim of the denial of a constitutional

13 right and that jurists of reason would find it debatable whether the district court was correct in

14 its procedural ruling." Id.

15       The Court finds Petitioner has failed to demonstrate that "reasonable jurists could

16 disagree" with this Court's conclusion that he is not "in custody" as required under 28 U.S.C.

17 § 2254. As discussed in this Court's April 25, 2011 Order, "Subject matter jurisdiction under

18 the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody

19 pursuant to the judgment of a State.'" Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994); see

20 also 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition

21 is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack."

22 Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); see

23 Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). In the Petition, Petitioner challenges the 8 year

24 sentence he received in 1985, which Petitioner acknowledges has "expired." (See Pet. at 2.)

25 Petitioner challenged his 1985 conviction in state court on both direct and collateral review and

26 was unsuccessful. (See e.g. Pet. Exs. 1 and 2.)

27       Petitioner has not made a "substantial showing" that the conviction he challenges falls

28 under any exception to the custody requirement. As discussed in this Court's Order denying

1  Petitioner's Motion for Reconsideration, a petitioner is not "'in custody' under a conviction after

2  the sentence imposed for it has fully expired" but later used to enhance a sentence imposed for

3  a subsequent conviction.[2]  <u>Maleng</u>, 490 U.S. at 492.  Further, in <u>Lackawanna</u>, the Supreme Court

4  held that a habeas petitioner may not collaterally challenge a prior conviction which is "no

5  longer open to direct or collateral attack in its own right," unless "there was a failure to appoint

6  counsel in violation of the Sixth Amendment [and <u>Gideon v. Wainwright</u>, 372 U.S. 335

7  (1963)]."   <u>Lackawanna Co. Dist. Atty. v. Coss</u>, 532 U.S. 394 (2001).  Here, Petitioner alleges

8  his 1985 guilty plea was unknowing and intelligent and that defense counsel was ineffective.

9  Thus, Petitioner has failed to make a substantial showing that his claims fall under the

10  <u>Lackawanna</u> exception.  <u>Id.</u>

11      For the foregoing reasons and the reasons set forth in this Court's previous Orders,

12  Petitioner's request for certificate of appealability is **DENIED.**

13      **IT IS SO ORDERED.**

14  DATED: August 29, 2011

Marilyn L. Huff
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28      [2]  The Court notes that Petitioner has pending in this Court, a petition for writ of habeas corpus challenging his 2007 conviction, the sentence for which was enhanced based, in part, on his 1985 prior conviction.  <u>See</u> <u>Daughtery v. Gonzales</u>, 11cv0545 BTM (BSG) (ECF No. 1).